OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 22, 2001

The Honorable Frank Long
District Attorney
8th Judicial District
P.O. Box 882
Sulphur Springs, Texas 75483

Opinion No. JC-0348

Re: Whether a tax assessor-collector may use interest earned on motor vehicle inventory tax escrow accounts to supplement her own salary (RQ-0290-JC)

Dear Mr. Long:

You ask whether a tax assessor-collector may use interest earned on motor vehicle inventory tax escrow accounts to supplement her own salary. We conclude that section 23.122 of the Tax Code does not preclude the tax assessor-collector from using interest earned on motor vehicle inventory tax escrow accounts to supplement her own salary. The tax assessor-collector must determine in the first instance that this use of the interest is a legitimate cost of administration of the motor vehicle inventory tax prepayment program and, in addition, that it serves a public purpose as required by article III, sections 51 and 52 of the Texas Constitution. The tax assessor-collector's initial determination that this use of the interest monies is lawful is subject to judicial review. Furthermore, the county auditor is authorized to audit the interest monies, to review expenditures from the fund, and to make audit reports to the commissioners court.

Section 23.122 of the Tax Code requires certain motor-vehicle dealer owners to prepay property taxes levied against their motor vehicle inventory. See TEX. TAX CODE ANN. § 23.122(b) (Vernon Supp. 2001). Each month, a motor-vehicle dealer owner must deposit with the county tax assessor-collector in the county in which the inventory is located a portion of the property tax the owner is expected to owe for the year. See id. The tax assessor-collector must place the prepaid taxes in an escrow account to the owner's credit:

> (b) . . . The money shall be deposited by the collector in or otherwise credited by the collector to the owner's escrow account for prepayment of property taxes . . . . An escrow account required by this section is used to pay property taxes levied against the dealer's motor vehicle inventory, and the owner shall fund the escrow account as provided by this subsection.

Id. The tax assessor-collector is required to maintain an escrow account for each owner in the county depository. See id. § 23.122(c). The tax assessor-collector disburses funds in the escrow account to "relevant taxing units," i.e., taxing units "authorized by law to levy property taxes against a

dealer's motor vehicle inventory," *id.* § 23.122(a)(7), in proportion to the amount of taxes levied, *id.* § 23.122(i). The owner may not withdraw funds from the escrow account. *Id.* § 23.122(d). *See generally* Tex. Att'y Gen. LO-98-085, at 1-2 (summarizing motor vehicle inventory tax scheme).

Your inquiry focuses on the interest on the escrow accounts, which subsection (c) of section 23.122 allocates to the tax assessor-collector:

> (c) . . . *The collector shall retain any interest generated by the escrow account to defray the cost of administration of the prepayment procedure established by this section.* Interest generated by an escrow account created as provided by this section is the sole property of the collector, and that interest may be used by no entity other than the collector. Interest generated by an escrow account may not be used to reduce or otherwise affect the annual appropriation to the collector that would otherwise be made.

TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001) (emphasis added).

This office has concluded that because interest generated by a motor vehicle inventory tax escrow account is the "sole property" of and may be used only by the tax assessor-collector, it is not subject to the control of the commissioners court. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 2; *accord* Tex. Att'y Gen. LO-98-085, at 5-6. The tax assessor-collector's discretion with respect to the use of interest monies is statutorily limited to defraying the costs of administering the tax prepayment procedure. *See* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001). Accordingly, this office has concluded that the interest may not be used for general office expenses of the tax assessor-collector that are unrelated to the costs of administering the prepayment program. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 4; *accord* Tex. Att'y Gen. LO-98-085, at 6. If an item will be used both in the administration of motor vehicle inventory tax prepayment and in the general administration of the tax office, interest monies may be used to fund only that portion of the cost of the item allocable to the motor vehicle inventory tax prepayment program. *See* Tex. Att'y Gen. Op. No. JC-0149 (1999) at 3.

Whether a particular expenditure is a legitimate "cost of administration of the prepayment program" and is therefore a permissible use of the interest is a question of fact. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 3. "What constitutes a legitimate cost of administration of the prepayment program is a matter of fact upon which this office cannot opine." *Id.*; *accord* Tex. Att'y Gen. Op. No. JC-0135 (1999) at 2. The tax assessor-collector must make the initial determination that a particular expenditure is a legitimate cost of administration under section 23.122(c), subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0135 (1999) at 2-3. Similarly, the determination as to what extent a particular purchase is a legitimate cost related to administration of the motor vehicle inventory tax prepayment program is for the tax assessor-collector to make in the first instance, subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0149 (1999) at 3.

You ask whether the tax assessor-collector may use interest generated by the motor vehicle inventory tax escrow accounts to supplement her own salary. Again, the statute requires that the interest be used to "defray the cost of administration of the prepayment procedure established by this section." TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001). This office has concluded that interest monies may be used to supplement the salaries of a tax assessor-collector's full-time employees who administer the prepayment program "if the assessor-collector determines that salary supplements are a legitimate cost of administration under section 23.122(c)." Tex. Att'y Gen. Op. No. JC-0135 (1999) at 2. The opinion reasoned that the salaries of those personnel who manage or administer the program "probably are related to the costs of administering the prepayment program" and noted that while nothing in the statute expressly authorizes this use, "we find nothing forbidding, as a matter of law, the use of [the] interest for salary supplements." *Id.* at 3.

One might argue that the authority to supplement salaries conflicts with the authority of the commissioners court of a county to establish the county budget, to direct the use of county funds, and to set the salaries of county officers and employees. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 111.001-.094, 152.001-.907 (Vernon 1999 & Supp. 2001) (chapters 111 and 152 of the Local Government Code). Clearly, however, in enacting section 23.122(c), the legislature intended to grant a county tax-assessor-collector autonomy with respect to the use of the interest monies and, correspondingly, to limit the authority of the commissioners court in that regard. *See* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001) ("Interest generated by an escrow account created as provided by this section is the sole property of the collector, and that *interest may be used by no entity other than the collector.* Interest generated by an escrow account *may not be used to reduce or otherwise affect the annual appropriation to the collector* that would otherwise be made.") (emphasis added).

With respect to your question, nothing in section 23.122(c) of the Tax Code expressly either authorizes or prohibits use of the interest to supplement the salary of the tax assessor-collector. By contrast, a similar statute, article 102.007 of the Code of Criminal Procedure, which creates the prosecutor's hot-check fund, provides that expenditures from the fund "shall be at the sole discretion of the attorney" but expressly prohibits use of the fund to supplement the prosecutor's salary. TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2001). We find the lack of such a prohibition in section 23.122 of the Tax Code significant evidence of legislative intent not to prohibit use of the interest monies to supplement the salary of a tax assessor-collector. *Compare* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001), *with* TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2001) ("Fees collected under . . . this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office, *but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund.*") (emphasis added). Thus, we conclude that provided that the tax assessor-collector determines that supplementing her salary is a legitimate cost of administration of the motor vehicle inventory tax prepayment program under section 23.122(c), this use of the interest is permitted by the statute. As the interest monies may be used only to "defray the cost of administration of the prepayment

procedure," TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 2001), however, the tax assessor-collector may not use the interest monies to supplement her salary for services she performs that are not legitimately related to administration of the program. *See* Tex. Att'y Gen. Op. No. JC-0149 (1999) at 1, 3 (if purchase will be used both in the administration of motor vehicle inventory tax prepayment and in the general administration of the tax office, cost of purchase must be allocated between interest monies and other funds). Furthermore, if the salary of the tax assessor-collector established by the commissioners court already compensates that officer for her time administering the motor vehicle inventory tax prepayment program, it may be difficult for the tax assessor-collector to establish as a matter of fact that a salary supplement is a legitimate cost of administration under section 23.122(c).

Although the legislature has given tax assessor-collectors a great deal of autonomy with respect to the interest monies, we caution that the interest monies are not the personal property of the tax assessor-collector, but rather public funds, the use of which is limited by the Texas Constitution and subject to review by the courts, other county officials, and the public. *See* Tex. Att'y Gen. Op. No. JC-0135 (1999) (noting that under Texas Constitution article III, section 53, which prohibits retroactive compensation for services already rendered, employee salary supplements paid with interest monies may not be awarded as a bonus for work already performed); *id.* at 3 (interest monies subject to review by county auditor); Tex. Att'y Gen. Op. No. DM-398 (1996) at 2 (concluding that tax assessor-collector has exclusive right to dispose of interest monies but does not have exclusive right of enjoyment). Article III, sections 51 and 52 of the Texas Constitution limit the legislature's authority to appropriate public funds to private individuals and corporations, either directly or by statutes authorizing expenditures by state or local entities. Section 51 provides that the "Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever." TEX. CONST. art. III, § 51. Section 52 prohibits the legislature from authorizing any political corporation or subdivision of the state "to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." *Id.* § 52(a). The purpose of article III, sections 51 and 52 is the same — to prevent the gratuitous application of public funds to private individuals. *See Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928); *Graves v. Morales*, 923 S.W.2d 754, 757 (Tex. App.–Austin 1996, writ denied). But the constitution does not bar a governmental expenditure that benefits a private interest if it is made for the direct accomplishment of a legitimate public purpose. *See Byrd*, 6 S.W.2d at 740. "A transfer of funds for a public purpose, with a clear public benefit received in return, does not amount to a lending of credit or a grant of public funds in violation of article III, sections 51 and 52." *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995).

These constitutional limitations do not preclude a tax assessor-collector from making an expenditure of interest money that benefits a private person, such as an employee salary supplement, if she determines that the expenditure serves a public purpose and that a clear public benefit is received in return. Likewise, if the tax assessor-collector decides to use interest monies to supplement her own salary, she must determine that the expenditure serves a public purpose and that a clear public benefit is received in return. Although we find it very troubling that a tax assessor-

collector would put herself in position of making this determination, we do not believe that the constitution prohibits this.

In addition, a tax assessor-collector's decision to use interest monies to supplement her own salary is subject to scrutiny by the courts, other county officials, and the public. First, the tax assessor-collector's determination that supplementing her own salary is a legitimate cost of the administration of the motor vehicle inventory tax prepayment program under section 23.122(c) is subject to judicial review. *See* Tex. Att'y Gen. Op. No. JC-0135 (1999) at 3. Furthermore, the county auditor is authorized and required to audit the motor vehicle inventory tax escrow accounts, as well as interest earned on the prepaid taxes. *See id.*; Tex. Att'y Gen. Op. No. JC-0149 (1999) at 3. Section 115.001(1) of the Local Government Code provides a county auditor with "continual access" to accounting books and related materials of any officer. *See* TEX. LOC. GOV'T CODE ANN. § 115.001 (Vernon 1999). Section 115.002(b) *requires* a county auditor, at least four times each year, to examine the county tax assessor-collector's books to verify their correctness. *Id.* § 115.002. Section 115.0035 of the Local Government Code requires a county auditor to examine, at least annually, the "accounts" of county officials. *Id.* § 115.0035(b). "Accounts" means "all public funds that are subject to the control of any . . . county . . . official." *Id.* § 115.0035(a). Thus, the county auditor has express statutory authority to examine the correctness of the county tax assessor-collector's books, whether or not the books relate to county funds. *See id.*; *see also* Tex. Att'y Gen. Op. Nos. JC-0135 (1999) at 3; DM-398 (1996) at 4 (stating that county auditor may audit interest). This authority includes the authority to review expenditures from the fund. Audit reports should be submitted to the commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 115.0035(c) (Vernon 1999) ("The auditor shall verify the correctness of the accounts and report the findings of the examination to the commissioners court . . . ."). In any county where this occurs, we urge both the county auditor and the commissioners court to closely review use of interest generated from motor vehicle inventory tax escrow accounts to supplement the salary of the tax assessor-collector. Lastly, we note that information regarding the tax assessor-collector's salary is made public by the Public Information Act. *See* TEX. GOV'T CODE ANN. § 552.022(a)(2) (Vernon Supp. 2001) (information about salary of officer of governmental body not excepted from required disclosure unless expressly confidential under other law).

## S U M M A R Y

Section 23.122 of the Tax Code does not preclude a tax assessor-collector from using interest earned on motor vehicle inventory tax escrow accounts to supplement her own salary. The tax assessor-collector must determine, however, that this use of interest monies is a legitimate cost of administration of the motor vehicle inventory tax prepayment program and, in addition, that it serves a public purpose as required by article III, sections 51 and 52 of the Texas Constitution. The tax assessor-collector's initial determination that this use of the interest monies is lawful is subject to judicial review. Furthermore, the county auditor is authorized to audit the interest monies, to review expenditures from the fund, and to make audit reports to the commissioners court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee